# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | * | |
| STACY RAGSDALE, as Personal | * | |
| Representative of the Estate of | * | |
| EARL WAYNE HARNER, Deceased, | * | |
| | * | No. 16-1298V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: May 25, 2018 |
| | * | |
| SECRETARY OF HEALTH | * | Stipulation; influenza ("flu") vaccine; |
| AND HUMAN SERVICES, | * | Guillain-Barré syndrome ("GBS"). |
| | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | * | |

Thomas E. Schwartz, Holloran Schwartz & Gaertner LLP, for Petitioner;
Meredith B. Healy, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On May 21, 2018, the parties filed a joint stipulation concerning the petition for compensation filed by Stacy Ragsdale, as personal representative of Earl Wayne Harner's Estate. Petitioner filed the petition on October 7, 2016, alleging that the influenza ("flu") vaccine Mr. Harner received on September 28, 2015, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer Guillain-Barré syndrome. Petitioner further alleges that his death, on May 12, 2016, was a sequela of the vaccine-related injury. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. Harner's behalf as a result of his condition or death.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the vaccines either caused or significantly aggravated petitioner's alleged injury or any other injury, and denies that petitioner's current disabilities are the result of a vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum payment of $225,000.00 in the form of a check payable to petitioner as legal representative of the Estate of Earl Wayne Harner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 16-1298V according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| STACY RAGSDALE, as Personal Representative of the Estate of EARL WAYNE HARNER, Deceased,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 16-1298V<br>Special Master Moran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Stacy Ragsdale ("petitioner"), as the Personal Representative of the Estate of Earl Wayne Harner ("Mr. Harner"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly related to Mr. Harner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Harner received the flu vaccine on September 28, 2015.

3. The vaccine was administered in the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Mr. Harner suffered Guillain-Barré Syndrome ("GBS"). Mr. Harner passed away on May 12, 2016. Petitioner further alleges that Mr. Harner's death was the sequela of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Harner as a result of his alleged condition or death.

6. Respondent denies that the flu vaccine caused Mr. Harner's alleged GBS, any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $225,000.00 in the form of a check payable to petitioner as legal representative of the Estate of Earl Wayne Harner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Earl Wayne Harner, under the laws of the State of Illinois. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the Estate of Earl Wayne Harner. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Earl Wayne Harner, at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Earl Wayne Harner, upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and as the legal representative of the Estate of Earl Wayne Harner, on her own behalf and on behalf of the Estate and Mr. Harner's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or

unsuspected personal injuries to or death of Mr. Harner resulting from, or alleged to have resulted from, the flu vaccine administered on September 28, 2015, as alleged in a Petition filed on October 7, 2016, in the United States Court of Federal Claims as petition No. 16-1298V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Harner's alleged GBS, any other injury, or his death.

17. All rights and obligations of petitioner in her capacity as the Personal Representative of the Estate of Earl Wayne Harner, shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature: Stacy Ragsdale]*

STACY RAGSDALE

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*

THOMAS E. SCHWARTZ
HOLLORAN SCHWARTZ &
GAERTNER LLP
2000 So. 8th Street
St. Louis, Missouri 63104
(314) 772-8989

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*Ward Sorensen for*

NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*

MEREDITH B. HEALY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4187

Dated: **May 21, 2018**