# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *   *
STACY RAGSDALE, as Personal              *
Representative of the Estate of          *
EARL WAYNE HARNER, Deceased,             *
                                         *      No. 16-1298V
                    Petitioner,          *      Special Master Christian J. Moran
                                         *
v.                                       *      Filed: October 5, 2018
                                         *
SECRETARY OF HEALTH                      *      Attorneys' fees and costs.
AND HUMAN SERVICES,                      *
                                         *
                                         *
                    Respondent.          *
* * * * * * * * * * * * * * * * * * * *   *
```

<u>Thomas E. Schwartz</u>, Holloran Schwartz & Gaertner LLP, for Petitioner;
<u>Meredith B. Healy</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Ms. Ragsdale brought a successful petition for compensation from the National Childhood Vaccine Compensation Program.  She now seeks an award for attorneys' fees and costs.  She is awarded her requested amount in full.

\*      \*      \*

Represented by Thomas Schwartz, Ms. Ragsdale filed her petition on October 7, 2016.  Ms. Ragsdale claimed that the influenza vaccine, which Mr. Harner received on September 28, 2015, caused him to suffer from Guillain-Barré

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet.  In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material before posting the decision.

syndrome.  Ms. Ragsdale further alleges that his death, on May 12, 2016, was a sequela of the vaccine-related injury.  The parties were able to informally resolve the case, entering a joint stipulation that was then adopted.  <u>Decision</u>, issued May 25, 2018, 2018 WL 3216273.

On July 27, 2018, petitioner moved for reimbursement of attorneys' fees and costs, requesting $41,220.00 in fees and $3,225.10 in costs.

On August 9, 2018, the Secretary filed his response to petitioner's motion. In his response, respondent did not object to petitioner's request.  Resp't's Resp. at 2.  Instead, respondent stated that he is "satisfied that the statutory requirements for an award of attorneys' fees and costs are met" and recommended that the undersigned exercise his discretion in determining a reasonable award for attorneys' fees and costs.  <u>Id.</u> at 2-3.

This matter is now ripe for adjudication.

\*     \*     \*

Because Ms. Ragsdale received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether Ms. Ragsdale's requested amount is reasonable.

## I.   <u>Attorneys' Fees</u>

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  <u>Id.</u> at 1348.  In this case, the lodestar calculation produces a reasonable attorneys' fee.  Therefore, an adjustment is not required and the analysis focuses on the two components of the lodestar formula: a reasonable hourly rate and a reasonable number of hours.

### A.   <u>Reasonable Hourly Rate</u>

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

This is Mr. Thomas Schwartz's first and only case in the vaccine program. Thus, his requested hourly rate has not been previously analyzed.  Accompanying petitioner's motion was an affidavit signed by Mr. Schwartz, stating that he has 22 years of experience as an attorney and that his standard billing rate is $325 per hour.  Exhibit 1 at ¶ 2, 5.  He further states that he has received numerous awards and honors during his 22 years of practice and that other courts have approved an hourly rate of $400 for his work.  Id. at ¶ 5, 6.  Accordingly, the undersigned finds Mr. Schwartz's requested hourly rate of $325 to be reasonable.

### B.  Reasonable Number of Hours

The Secretary also did not challenge any of the requested hours as unreasonable.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A review of the billing statement indicates that the billed hours meets this requirement.

## II.  Costs

In addition to seeking attorneys' fees, Ms. Ragsdale seeks reimbursement of costs totaling $3,225.10.  The majority of the costs are attributable to record retrieval and the filing fee.  These costs are standard costs associated with vaccine petitions and are awarded in full.  Ms. Ragsdale also seeks reimbursement of other costs that are sometimes challenged by the Secretary.  These include costs associated with establishing an estate for Mr. Harner and costs associated with the bar application for Mr. Thomas Schwartz, so that he could bring Ms. Ragsdale's petition in this court.  In the absence of a challenge to these fees from the Secretary, the undersigned is inclined to agree with the petitioner that the fees were reasonable and necessary for the purpose of pursuing Ms. Ragsdale's vaccine claim.  Thus, the undersigned awards them in full.

### III.    Conclusion

The undersigned finds an award of attorneys' fees and costs appropriate. The undersigned awards Ms. Ragsdale the following amount for attorneys' fees and costs:

**A lump sum of $44,445.10 in the form of a check made payable to petitioner and petitioner's attorney, Thomas E. Schwartz, of Holloran Schwartz & Gaertner LLP.**

These amounts represent reimbursement for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.